IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KENNETH D. HILL,            )
                            )
        Petitioner,         )
                            )
                            )      CIV-11-806-C
v.                          )
                            )
THE CITY OF OKLAHOMA CITY,  )
                            )
        Respondent.         )

REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied without prejudice.

Petitioner, who has been a prolific *pro se* litigant in this Court, asserts in his hand-written Petition filed July 15, 2011, that he was arrested on June 21, 2011, by Oklahoma City law enforcement authorities "for warrants that stem from" multiple municipal citations. Petitioner asserts that he is being detained due to his inability to post the bail set in each of the municipal cases, and he asserts that this bail amount is unconstitutionally excessive and

---

[1]Because Petitioner is a pretrial detainee, his petition is construed as one brought under 28 U.S.C. § 2241.

1

"not in compliance with Oklahoma bond scheduling" for the citations. Petitioner requests that this Court issue a preliminary injunction directing the municipal court to vacate the bail set by the municipal court and "set the Petitioner a bail that is in compliance with city ordance [sic] and Okla[homa] Bond scheduling for [the] listed citations based on the information and facts that have been set forth herein."

An Oklahoma City Jail booking summary report, which is attached to a separate pleading filed by Petitioner, indicates that Petitioner has been arrested for outstanding warrants on various charges, including driving under suspension after prior conviction, failure to carry automobile insurance, and three charges of failure to appear in municipal court. (Doc. # 6, att. 1). According to this booking summary report, the bail amount for all of these municipal charges totals $48,318.00.

In every habeas proceeding, the court must address the threshold issue of exhaustion. Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). See Steele v. Young, 11 F.3d 1518, 1523 n. 10 (10th Cir. 1993)(exhaustion issue may be raised by court *sua sponte*). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). See

Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

Petitioner has an available habeas remedy under Oklahoma law. In Petition of Humphrey, 601 P.2d 103 (Okla. Crim. App. 1979), a pretrial detainee filed a petition seeking a writ of habeas corpus seeking review of a district court's denial of bail and the district court's revocation of previously-posted bonds. The appellate court held that under the clear language of Oklahoma's Constitution, art. II, § 8, there is no implied "public safety" exception to the right to bail in Oklahoma, and the court also set guidelines for district courts to follow for increasing or reducing bail. Id. at 105-108.

Moreover, Petitioner has other adequate forums to litigate his constitutional claims in the municipal court through a motion to reduce his bonds, in a writ of prohibition to the Oklahoma Court of Criminal Appeals before his trial, or in a direct appeal should he be convicted. See Okla. Stat. tit. 11, §27-132 and 28-128 (providing for appeal of finding of guilt of violation of municipal ordinance from municipal court to district court and, if found guilty by district court in *de novo* proceeding, to Oklahoma Court of Criminal Appeals). Because Petitioner has not exhausted available state remedies concerning his claims, the Petition should be denied without prejudice.

Additionally, to the extent Petitioner seeks to have this Court interfere in his ongoing

municipal court proceedings, this Court should refuse to do so. Absent "extraordinary circumstances where irreparable injury" has been shown, federal courts abstain from determining issues arising in pending criminal prosecutions in state courts. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

"It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066). See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Petitioner's pleadings do not allege facts that implicate extraordinary circumstances which would warrant this Court's interference in his pending municipal proceedings, and Petitioner has an adequate forum in the municipal and state courts to present any federal constitutional claims.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED WITHOUT PREJUDICE. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___August 25th___ , 2011, in accordance with 28 U.S.C. § 636

and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___5th___ day of __August__, 2011.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE