IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH D. HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-806-C |
| | ) | |
| THE CITY OF OKLAHOMA CITY, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Gary M. Purcell consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Report and Recommendation ("R&R") on August 5, 2011, to which Petitioner has timely objected. Petitioner has also filed an addendum to his Objection to the Report and Recommendation and a Petition for Writ or Mandamus. The Court therefore considers the matter de novo.

Petitioner is being held pending trial on multiple outstanding municipal traffic violations. Petitioner argues that in contravention of his constitutional rights, the bail amount set for his release is higher than permitted under Oklahoma law. Petitioner requests the Court to intervene and direct his release from incarceration. In the R&R, Judge Purcell noted that Petitioner had failed to exhaust his available state court remedies prior to seeking relief from this Court and on that basis Judge Purcell recommended dismissal of the Petition.

Judge Purcell noted that Petitioner had the right to seek habeas relief from the Oklahoma Court of Criminal Appeals, that he could file a motion seeking to reduce his bond in municipal court, or that he could seek a writ of prohibition from the Oklahoma Court of Appeals. Attached to Petitioner's addendum is an order from the Oklahoma Court of Criminal Appeals noting that it was denying Petitioner's application for writ of mandamus. Petitioner argues that order is proof that he has now exhausted his administrative remedies and is entitled to proceed further in this Court.

For the reasons set forth by the Magistrate Judge in the R&R, the Court finds no merit in Petitioner's arguments. As Judge Purcell noted, there are multiple avenues to seek relief from the state courts that Petitioner has yet to undertake. Despite Petitioner's arguments to the contrary, this is not a case where exhaustion should be excused and therefore the Court finds Judge Purcell's recommendation of dismissal to be appropriate.

Turning to Petitioner's request for a writ of mandamus, Petitioner requests this Court order the state courts to comply with the Rules of Criminal Procedure during his misdemeanor prosecution. In support of his argument, Petitioner notes that the municipal court failed to comply with Rules of Criminal Procedure by not having a hearing on his writ of habeas corpus or issuing a written order on his pretrial motions which will allow him to pursue an appeal. Again, Petitioner's request is not well founded. As the Tenth Circuit has noted, a federal court does not have authority to issue a writ of mandamus which would direct a state court judge to perform his duties. See Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011).

For the reasons set forth herein, the Court adopts in full the Report and Recommendation of Judge Purcell issued on August 5, 2011, and the petitoin for writ of habeas corpus is hereby DENIED.  Likewise, for the reasons set forth herein, the Court denies Petitioner's request for a writ of mandamus (Dkt. No. 12). A separate judgment will issue.

IT IS SO ORDERED this 24th day of August, 2011.

ROBIN J. CAUTHRON
United States District Judge